UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELISSA S. WOOD,<br>　　　　Plaintiff | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. 4:11-cv-1366 |
| FIRSTSOURCE ADVANTAGE, LLC,<br>　　　　Defendant | §<br>§<br>§ | JURY DEMAND |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Melissa S. Wood, Plaintiff in the above-numbered and styled case, complaining of and against Firstsource Advantage, LLC for cause of action would respectfully state the following:

### I. INTRODUCTION

1. This is an action for damages brought by Plaintiff, Melissa S. Wood, a consumer, alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d). Venue in this District is proper in that the Defendant transacts business here and/or the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Melissa S. Wood, is an individual residing in Houston, Harris County, Texas.

4. Defendant Firstsource Advantage, LLC (hereinafter "Firstsource"), is a foreign corporation engaged in the business of collecting debts in this state with its principal place of business located at 205 Bryant Woods South, Amherst, New York 14228. The principal purpose of Firstsource is the collection of debts using the telephone and mail, and Defendant Firstsource regularly attempts to collect debts alleged to be due another. Defendant may be served through the Texas Secretary of State's office since it has no registered agent in Texas.

5. Defendant Firstsource is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### IV.  FACTUAL ALLEGATIONS

6. On or before 2008, Plaintiff received a credit card for Nordstrom which she used to purchase household items. On or about 2009, Plaintiff defaulted on her payments to the original creditor. Plaintiff's purported debt was turned over to Firstsource for collection.

7. Plaintiff received a dunning letter from Firstsource dated November 11, 2009 seeking $790.87. Defendant provided Plaintiff a notice that she may request validation of the debt for a period of thirty days.

8. On or about December 4, 2009, Plaintiff wrote to Defendant and requested validation of the debt. In Plaintiff's letter, she offered to pay $250.00 to settle the account.

9. In response to Plaintiff's request, Defendant sent a letter dated December 14, 2009 and included documentation it deemed to be verification of the debt.

10. In a subsequent letter dated January 19, 2010, Defendant extended a settlement offer to Plaintiff in the amount of $553.62.

11. On or about January 30, 2010, Plaintiff wrote to Defendant and rejected the offer to pay $553.62 and made a new offer to pay $395.00 in order to resolve the debt.

12. In a letter dated April 14, 2010, Defendant wrote to Plaintiff that it was writing in response to a telephone conversation earlier that same day. Defendant further wrote to Plaintiff that "*[Y]ou* requested that our office send you written confirmation of your agreement to settle… This letter, therefore, confirms that, as settlement, *you have agreed* to make payment to this office in the amount of $553.61 by 4/30." (Emphasis added).

13. Plaintiff has never spoken with Defendant or its representatives.

14. Plaintiff never offered, accepted or otherwise agreed to pay $553.61 to Defendant.

15. As a result of Defendant's debt collection activity, Plaintiff Melissa Wood has suffered anxiety and stress.

### V. CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff incorporates paragraphs 1-15 above.

17. Defendant violated the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the person in connection with the collection of the debt in violation of 15 U.S.C. § 1692d.

18. Defendant violated the FDCPA by falsely representing the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(a).

19. Defendant violated the FDCPA by using false representations and deceptive means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

20. Defendant violated the FDCPA by attempting to collect an amount that is not expressly authorized by agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

21. As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

## VI.  JURY DEMAND

22. Plaintiff demands a jury trial.

## VII.  PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), including fees in the event of appeal;

D. Such other and further relief as may be just and proper.

Respectfully submitted,

  /s/ Dana Karni
DANA KARNI
Karni Law Firm, P.C.
State Bar No. 24044379
S.D. Tex No. 592484
4635 Southwest Freeway
Suite 715
Telephone: 713-552-0008
Facsimile:   713-454-7247
E-mail: DKarni@TexasConsumerDebt.com

ATTORNEY FOR PLAINTIFF